FILED
SUPERIOR COURT
OF GUAM

2019 MAR 20 PM 4: 22
CLERK OF COURT
By:



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO.: CF0375-18 |
| vs. | |
| MAX MYONGKI AHN, *aka Myong Ki An, aka Muong Ahn,* DOB: 05/21/1958 | **DECISION AND ORDER** (Dismissal) |
| DEFENDANT. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on the People of Guam's ("People") Position Re: Dismissal without Prejudice filed November 6, 2018. Defendant Max Myongki Ahn ("Defendant") filed a response brief on November 30, 2018. Attorney Clyde Lemons Jr. represents the Defendant. Attorney Matthew A. Phelps represents the People of Guam. A Motion Hearing was held on January 2, 2019, and the Court subsequently took this matter under advisement. Upon review of the oral and written arguments, and legal authorities, presented by the Parties, the Court hereby grants the People's request and hereby dismisses the case without prejudice.

CF0375-18 People v. Max Myongki Ahn
DECISION AND ORDER (Dismissal)



# BACKGROUND

On or about June 5, 2018, a drug detection canine alerted to a package while inspecting United States Postal Service parcels. Collins Decl. Supp. Magistrate's Compl. at 1 (Jun. 15, 2018). The package was sent to Guam from the mainland and was allegedly addressed to an individual named "Jack Cruz." Id. Federal law enforcement agents then secured a federal search warrant to open the package. Id. The agents discovered chemical drug test kits and eleven (11) vials in commercial packaging indicating they contained tetrahydrocannabinol ("THC"). Id.

Further investigation indicated that the package was addressed to a commercial establishment in Upper Tumon, Guam, known as "Max's Smoke Shop / Gallop U.S.A" (the "smoke shop"). Id. The agents further discovered that the proprietor of the smoke shop, the Defendant, was previously convicted in federal court for crimes related to the distribution of the drug "spice." Id. The illegal contents of the package were removed and replaced with items designed to simulate the suspected illegal contents. Id. The agents also marked the simulated items with liquid that is invisible to the naked eye but detectable with special lighting. Id. An electronic device was also placed in the package. Id.

On June 13, 2018, law enforcement entities conducted a controlled delivery of the package. Id. The Defendant was the only individual present at the smoke shop when the package was delivered. Id. The Defendant also allegedly stated that the individual named on the package was an employee of the shop. Id. Officers waited until the electronic device in the package indicated that the package had been opened before entering the smoke shop. Id. On entering, the officers used a device emitting the required special lighting to determine that the Defendant had the liquid from the package on his hands, indicating that he had handled the simulated items. Id.

A local search warrant was also attained and executed at the smoke shop premises. Id. Officers discovered suspected "spice," digital scales, plastic baggies and additional U.S.P.S. packaging materials purportedly sent from the same address as the intercepted package, and addressed to the same Jack Cruz. Id. The Defendant was then arrested. Id.

On June 25, 2018, a Superior Court of Guam Grand Jury returned an Indictment charging the Defendant with **Two Counts** of **CONSPIRACY TO IMPORT A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony)**, **Two Counts** of **IMPORTATION OF A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony)**, **CONSPIRACY TO POSSESS WITH INTENT TO DELIVER A SCHEDULE I CONTROLLED SUBSTANCE (As a First Degree Felony)**, and **POSSESSION OF A SCHEDULE I CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony)**.

The Defendant appeared for an arraignment and asserted his right to speedy trial on July 25, 2018, and filed an assertion form on July 26, 2018. The Defendant was confined on federal charges on the date of his arraignment. The Defendant then appeared for a criminal trial setting on August 1, 2018. This Court set Jury Selection and Trial for September 10, 2018.

After the Defendant asserted his right to speedy trial, the People requested that items seized from the smoke shop be subjected to laboratory testing. People's Mot. Find Good Cause Continuation of Trial Date at 2 (Aug. 17, 2018). Guam Crime Lab personnel indicated that the evidence was released to Guam Customs and Quarantine personnel to mail to the Drug Enforcement Administration to perform the laboratory testing. Id.

Subsequently, on August 17, 2018, the People filed the Motion to Find Good Cause for Continuation of the Trial Date. The Defendant filed an Opposition to the Motion on August 24, 2018. On September 4, 2018, the Court issued a Decision and Order granting the People's Motion to continue the trial pending laboratory testing.

On October 29, 2018, the Supreme Court of Guam issued an Order which directed this Court to vacate its previous decision to continue the trial. Supreme Court Order (Oct. 29, 2018) The Supreme Court Order further directed this Court to dismiss all charges pending against Defendant. Id. The Supreme Court left this Court to determine whether to dismiss the indictment with or without prejudice. Id.

## DISCUSSION

In <u>People v. Aromin</u>, 2014 Guam 3 ¶ 21, the Supreme Court of Guam was presented with the question of whether a case should be dismissed with or without prejudice when a defendant's right to a prompt arraignment was violated. The Supreme Court held that such cases should not be automatically dismissed with prejudice, but that trial courts should follow the multifactor test contained in Section 3162(a)(2) of the Federal Speedy Trial Act when determining if such dismissals should be with or without prejudice. <u>Id.</u> The <u>Aromin</u> decision dealt with the dismissal of an indictment due to a violation of the defendant's rights under 8 GCA § 60.10 ("the Prompt Arraignment Statute"), which requires that a defendant shall be arraigned promptly after the indictment or information is filed. The Defendant in the present case argues that the <u>Aromin</u> decision applies to dismissal in cases dealing with the Prompt Arraignment Statute, but does not apply to the present case, in which the indictment was dismissed due to a violation of 8 GCA § 80.60(a) ("the Guam Speedy Trial Act"), which requires a court to dismiss a criminal action if the trial is not commenced within sixty (60) days from the date of arraignment. Def's Brief at 4 (Nov. 30, 2018).

The Defendant points out that the notes to the Prompt Arraignment Statute indicate that it was derived in part from Federal Rule of Criminal Procedure 10 and it is therefore appropriate to use federal law to interpret the Prompt Arraignment Statute. <u>Id.</u> Unlike the Prompt Arraignment Statute, Guam's Speedy Trial Act was not derived from a congruent federal law.[1] <u>Id.</u> The Defendant therefore argues that the multifactor test of the Federal Speedy Trial Act is inapplicable to the present case. <u>Id.</u> The Court disagrees.

The Supreme Court's ruling in <u>Aromin</u> suggests that a balancing test is required to determine whether dismissal should be with or without prejudice in cases involving the Guam Speedy Trial Act as well as the Prompt Arraignment Statute, notwithstanding the fact that the Guam Speedy Trial Act is not based upon a similar federal law. "This court has never ruled that a speedy trial violation requires an automatic dismissal with prejudice, and we refuse to adopt such a

---

[1] The Supreme Court of Guam has noted that while Guam's Speedy Trial Act was not derived from the federal Speedy Trial Act, the two statutes are similar. <u>Aromin</u> ¶ 20.

remedy for the failure to promptly arraign a defendant." <u>Aromin</u> ¶ 14. In <u>Aromin</u>, the Supreme Court ruled that because section 60.10 allows the trial court to withhold dismissal altogether upon a showing of good cause, it is logical that it would also allow the intermediate remedy of dismissal without prejudice. <u>Aromin</u> ¶ 16. This logic applies equally to section 80.60, which also allows a trial court to withhold dismissal altogether upon a showing of good cause. 8 GCA § 80.60(b)(3).[2]

Having determined that the <u>Aromin</u> decision applies to dismissals pursuant to Guam's Speedy Trial Act, the Court now must apply the <u>Aromin</u> test to the facts of this case. The <u>Aromin</u> decision mandated that trial courts in Guam use the Federal Speedy Trial Act factor test for determining whether dismissal under the Guam Speedy Trial Act should be with or without prejudice. The factors to consider are (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal, including but not limited to: the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice suffered by the defendant; and (3) the impact of a reprosecution on the administration of justice." <u>Id.</u> The Court discusses each factor below.

### 1. Seriousness of the offense.

The Supreme Court has made clear, "the more serious the offense, the more weight should be given to dismissal without prejudice." <u>Aromin</u> at ¶ 23. In <u>Aromin</u>, the Court found this factor weighed in favor of dismissal with prejudice because the defendant was not charged with any felony crimes. <u>Id.</u> at ¶¶ 23, 26-27.

In the instant case, the Defendant is charged with six felonies of the first degree. The charges include allegations that the Defendant is involved in a scheme to import large quantities of illegal drugs to Guam and distribute these drugs to the community. The Court notes felonies of the first degree carry a minimum incarceration term of five (5) years and a maximum term of twenty (20) years pursuant to 9 GCA § 80.30. The Court finds that these charges are very serious and that this factor weighs heavily in favor of dismissal without prejudice.

---

[2] While the Supreme Court has found that no good cause existed in the present case, this does not negate the principle in <u>Aromin</u> that there is an intermediate remedy between withholding of dismissal and automatic dismissal with prejudice.

## 2. Facts and circumstances of case which led to dismissal.

Aromin states that this factor considers the following sub-factors, among other considerations: the facts and circumstances surrounding the length of delay, government conduct, and actual prejudice suffered by the defendant. Id. at ¶ 21. The Court considers each sub-factor below.

### a. *Length of delay.*

As the U.S. Supreme Court has recognized, the length of a delay standing alone is a significant "measure of the seriousness of the speedy trial violation." United States v. Taylor, 487 U.S. 326 at 340. Where there is no reasonable justification for delay, the lengthier the delay, the more likely dismissal with prejudice is warranted. U.S. v. Stayton, 791 F.2d 17, 21-22 (2d Cir. 1986) (finding sheer length of delay period weighed in favor of dismissal with prejudice because there was no explanation for a twenty-three month delay, and no indication that any portion of delay was excludable under speedy trial act).

In the present case, the Defendant was arraigned on July 25, 2018. The Supreme Court issued an order requiring dismissal on October 29, 2018, roughly three months after the Arraignment. The Court notes that at the time of the Supreme Court Order, the 60-day timeline created by the Guam Speedy Trial Act had overrun by roughly one month. While noting that there has been a considerable length of delay in the prosecution of this case, the Court finds that this length of time is not dispositive of the issue. "We find that a 59–day delay, while not insubstantial, is not so substantial that dismissal with prejudice is mandated regardless of the other circumstances." United States v. Koory, 20 F.3d 844, 848 (8th Cir. 1994). The Court will consider the substantial length of delay as a factor weighing in favor of dismissal with prejudice, but will also consider the People's explanation for the delay and the prejudice suffered by the Defendant due to this delay.

The Court notes that the Defendant has not been incarcerated in this case during the period of delay.[3] A Commitment Order was filed on June 15, 2018, the same day that the People filed a

---

[3] The Court notes that the Defendant was in custody during the pendency of this litigation, but was being held by the United States Bureau of Prisons in a federal case.

Magistrates Complaint. The Court then issued an Order of Conditional Release on June 19, 2018 and the Defendant has not been held in this matter since that date.

While the Court notes that the length of delay in this case was substantial, the Court finds that the fact that the Defendant was not confined in this case diminishes the impact of this delay on the Court's overall determination of whether this matter should be dismissed with or without prejudice.

### b. *Government conduct.*

The Supreme Court of Guam has stated that when weighing the facts and circumstances which led to dismissal factor, bad faith on the part of the People or the Court weighs in favor of dismissal with prejudice. Aromin, 2014 Guam 3 at ¶ 24. This factor weighs in favor of dismissal without prejudice where the government and trial court act in good faith notwithstanding a statutory speedy trial violation. U.S. v. Lewis, 611 F.3d 1172, 1180 (9th Cir. 2010) (reasoning the facts and circumstances factor weighed in favor of dismissal without prejudice where there was a nearly six (6) month delay that was non-excludable under any exception from the Speedy Trial Act, because the delay was due in part to the government attempting to conserve judicial resources through a joint trial, and where the case was complex and appropriately demanded considerable preparation by all parties).

The Court finds that this matter is similar to Lewis, where there was no finding of bad faith on the People or the Court resulting in the delay. Rather, here the delay was due to reasonable disputes in the law, and reliance on what was valid precedent at the time the People moved for a continuance. There has been no showing by the Defendant that the People or the Court acted in bad faith. Rather, the People relied on valid precedent in moving the Court to find good cause to toll the continued trial beyond the permissible period contemplated by Section 80.60. The Court, relying on the same precedent, granted the request. The Court therefore finds that there has been no bad faith on the part of the People or Court, and this sub-factor therefore supports dismissal without prejudice.

### c. *Actual prejudice suffered by the defendant.*

The type of prejudice courts should look for include the resulting unavailability of potential witnesses or whether exculpatory evidence is missing or deteriorating. <u>Aromin</u>, 2014 Guam 3 at ¶ 21. However, the Supreme Court did suggest that a defendant's incarceration might weigh in favor of dismissal with prejudice under the actual prejudice factor. <u>Id.</u> at ¶ 24; <u>see also</u>, <u>Clymer</u>, 25 F.3d at 832 (reasoning courts look to prejudice in terms of the defendant's ability "to prepare for trial and in terms of the restrictions on his liberty." (internal quotes and citation omitted)). As previously discussed, the Defendant was not incarcerated in this matter pending trial.

Further, the Court notes that there has been no argument raised about prejudice to the Defendant's ability to prepare for trial. There has been no indication that the delay affected potential witnesses or created other issues related to an eventual trial of this matter. Therefore, this factor weighs in favor of dismissal without prejudice.

### 3. Impact of reprosecution on the administration of justice.

Finally, the Supreme Court of Guam has made clear that "dismissal without prejudice is not a toothless sanction because it forces the Government to obtain a new indictment it if decides to reprosecute, and it exposes the prosecution to dismissal on statute of limitation grounds." <u>Aromin</u>, 2014 Guam 3 at ¶ 25. Where a court simply ignores, or is ignorant, of mandatory and applicable authority decided years before being confronted with a relevant matter, the impact of reprosecution on the administration of justice factor weighs in favor of dismissal with prejudice. <u>Clymer</u>, 25 F.3d at 832 (reasoning that the trial court was confronted with a speedy trial issue created by the misinterpretation of the meaning of a statutory exclusion from the speedy trial statute which a higher court had directly addressed five years prior).

Here, unlike in <u>Clymer</u>, the Court was not unaware of authority which would have governed the Court's conduct in this matter. Rather, the Court would point out that since the inception of this matter, and the movement toward trial, the Court has constantly acted to protect the Defendant's right to a speedy trial under Section 80.60. What occurred here is a change of law in the middle of proceedings due to an order from the Supreme Court of Guam. The effect on the

administration of justice of reprosecution would be that the People are forced to comply with the Supreme Court Order. Rather than punishing the People for not anticipating the Supreme Court's decision, the Court finds that dismissal without prejudice will force the People to conform their conduct to comply with the Supreme Court's pronouncement. Thus, the Court finds that reprosecution would contribute to the administration of justice. Therefore, the final factor weighs in favor of dismissal without prejudice.

## CONCLUSION

Having considered each factor of the multifactor test contained in the Federal Speedy Trial Act to determine if dismissals should be with or without prejudice, the Court finds that it is in the best interest of justice to allow reprosecution of this matter. Thus, by preponderance of the evidence and for the foregoing reasons, the People's request that this matter be dismissed without prejudice is hereby **GRANTED**.

SO ORDERED _3/20/19_.

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

___ JG /CEMONS JR

MAR 20 2019
Date:_____ Time: 4:18 pm

_____
Deputy Clerk, Superior Court of Guam

CF0375-18 People v. Max Myongki Ahn
DECISION AND ORDER (Dismissal)